IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01459-RM-MEH

FARID SHEKARCHIAN AHMADABADI,

    Plaintiff,

v.

ANDREW LAMBRECHT,
LORETTA LYNCH,
JEH CHARLES JOHNSON,
LEO RODRIGUEZ, and
ROBERT M. COWAN,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [filed September 21, 2015; docket #9]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the Motion has been referred to this Court for recommendation. The Court **recommends** that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d

**BACKGROUND**

Plaintiff initiated his Petition for Writ of Mandamus, on July 9, 2015, alleging Defendants had failed to act on his I-485 Application to Register Permanent Resident or Adjust Status. Petition, docket #1. Plaintiff's Petition indicated he was born in Iran, entered the United States in July 2012 with a valid B1 visa, married a U.S. citizen, and on April 5, 2013, filed his I-485 form with the United States Citizenship and Immigration Service ("USCIS"). *Id*. at 3. Plaintiff alleged he had received no update on his I-485 Application since filing additional documents requested by USCIS: "Since then, there has been no response to the I-485, [so] Plaintiff remains unreasonably in limbo regarding his status." *Id*. at 3-4.

In response to the Petition, Defendants filed the present Motion to Dismiss ("Motion") arguing that the Court lacks subject matter jurisdiction because the government has now acted on the Application, rendering the Petition moot. *See* Motion, docket #9 at 1. Plaintiff, who is represented by counsel, did not file a response to Defendants' Motion despite the Court providing ample time within which to do so.

**LEGAL STANDARDS**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which

---

656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present Motion involves a factual attack on this Court's subject matter jurisdiction; therefore, the Court has considered not only the Petition but also Defendants' exhibits in order to determine subject matter jurisdiction.[2]

---

[2] With respect to all exhibits attached to the Motion to Dismiss, Defendants attest to their authenticity with a Declaration Concerning Authenticity of Records by Reba Anderson, Supervisory Immigration Services Assistant at the U.S. Citizenship and Immigration Services office in Centennial, Colorado. *See* Declaration, docket #9-1. The records are described as the contents of Plaintiff's "alien file." *See id.*

## ANALYSIS

**I.     Mootness**

Federal courts have jurisdiction through Article III of the Constitution to adjudicate cases and controversies. U.S. Const. Art. III, § 2. cl. 1. Mootness is a threshold issue, because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. *Beattie v. United States,* 949 F.2d 1092, 1093 (10th Cir. 1991).

> This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome. When a party seeks only equitable relief, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects. In these circumstances, the party must "demonstrate a good chance of being likewise injured in the future." Consequently, we must look beyond the initial controversy and decide whether the present dispute is sufficiently immediate and real.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (internal citations and quotations omitted).

Prospective enforcement of federal rights is available only if a plaintiff's continued susceptibility to injury is reasonably certain. *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). "A claim for injunctive relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Sosa*, 654 F.3d at 1024 (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)). Moreover, a plaintiff's continued susceptibility to injury must be reasonably certain; a court will not entertain a claim for injunctive relief where the allegations are based on speculation and conjecture. *Sosa*, 654 F.3d at 1024.

A petition for mandamus to compel an agency to act is rendered moot when the agency has taken action granting the relief requested in the mandamus petition. *See, e.g.*, *Randall D. Wolcott,*

*M.D., P.A. v. Sebelius*, 635 F.3d 757, 773-74 (5th Cir. 2011) (claim for mandamus to compel removal of plaintiff from prepayment review for Medicare claims was moot because the agency had already done so); *Thompson v. U.S. Dep't. of Labor*, 813 F.2d 48, 51 (3d Cir. 1987) (action for declaratory and mandamus relief from hold placed on administrative complaint was rendered moot when the agency reactivated the complaint). Mootness also can be caused by events occurring after the filing of the complaint. *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 728 (10th Cir. 1997).

## II.     Immigration Process for Spouses of U.S. Citizens

The Immigration and Nationality Act classifies an alien who marries a U.S. citizen as an "immediate relative." *See* 8 U.S.C. § 1151(b)(2)(A)(1). To receive an immigrant visa, the U.S. citizen spouse must first file Form I-130 Petition for Alien Relative, showing the legality of the marriage. 8 C.F.R. §§ 204.2(a)(1), (a)(1)(iii)(B). Without the Form I-130 petition, the immigrant cannot receive the requisite immigrant visa required as part of a Form I-485 application. *See* 8 C.F.R. § 103.2(b)(1). Thus, permanent resident status is not available without the agency's approval of the Form I-130 petition for an immigrant visa. *See id*.

Here, the record before the Court indicates that on August 4, 2015, USCIS notified Plaintiff and his spouse that it had scheduled an interview on August 27, 2015, to consider both the I-130 Petition and the I-485 Application. *See* Anderson Decl., and Exh. 3, docket #9-1 at 1-2, 16-30. Plaintiff's spouse failed to appear at the interview. *See* Anderson Decl., and Exh. 4, docket #9-1 at 1-2, 18-30. USCIS then denied the I-130 petition based on abandonment. Exh. 4, docket #9-1 at 1-2. Because USCIS denied the underlying I-130 petition, USCIS also denied Plaintiff's I-485 Application. *See* Anderson Decl., and Exh. 5 at 1. USCIS mailed notice of both denials to Plaintiff and his wife on September 2, 2015. *See* Exhs. 4-5 at 18-30.

Therefore, as Defendant notes and the Court agrees, "Because USCIS has now adjudicated Plaintiff's I-485 Application, the relief he sought in his Petition is no longer needed. This is the 'hallmark' of a moot case. Plaintiff has received precisely what he asked for, and there remains no possible remedy for this Court to issue." Motion, docket #9 at 5.

## CONCLUSION

Accordingly, based upon the foregoing and the entire record herein, this Court respectfully **recommends** that the District Court **grant** the Motion to Dismiss for Lack of Subject Matter Jurisdiction [filed September 21, 2015; docket #9] as Plaintiff's Petition has been rendered moot and this Court lacks subject matter jurisdiction.

Entered and dated at Denver, Colorado, this 20th day of October, 2015.

BY THE COURT:

\

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge