IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 15-cv-01459-RM-MEH

FARID SHEKARCHIAN AHMADABADI,

    Plaintiff,

v.

ANDREW LAMBRECHT, et al.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the October 20, 2015, Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 11) to grant Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion") (ECF No. 9). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation.[1] (ECF No. 9 at page 1.) Despite this advisement, no objections to the Recommendation have to date been filed by any

---

[1] The Recommendation also stated the failure to file objections "within ten (10) days" "may bar the aggrieved party from appealing factual findings of the Magistrate Judge that are accepted or adopted by the District Court." (ECF No. 11, p. 1.) The Court finds, however, the time for filing objections is 14 days and the appeal of legal questions may also be barred. 28 U.S.C. § 636(b)(1) (14 days, effective December 1, 2009); Fed. R. Civ. P. 72(b)(2); *Bhomengo v. Hosp. Shared Servs., Inc.*, 543 F. App'x 812, 814 (10th Cir. 2013). The Recommendation is therefore modified accordingly. The error nonetheless does not preclude the Court from a clear error review of the Recommendation as Plaintiff is represented by counsel. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (requiring magistrate judges to inform *pro se* litigants of the time period for filing of objections and the consequences of the failure to object); *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (discussing the firm waiver of appellate review rule and its exception when a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object); *Garcia v. Garcia*, 347 F. App'x 381, 382 (10th Cir. 2009) ("While we [the Tenth Circuit] have held that the firm waiver rule is inapplicable when pro se litigants are not

party and the time to do so has expired.  (*See generally* Dkt.)

The Court concludes that Magistrate Judge Hegarty's analysis of the Motion was thorough and sound, and that there is no clear error on the face of the record.  *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Recommendation, as modified, is therefore adopted as an order of this Court.

In accordance with the foregoing, the Court:

(1)     ADOPTS the Recommendation of United States Magistrate Judge (ECF No. 11), as modified, as an order of this Court;

(2)     GRANTS Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 9) and dismisses this action without prejudice; and

(3)     DIRECTS the Clerk of the Court to enter Judgment in favor of Defendants and against Plaintiff in accordance with this Order.

DATED this 12th day of November, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

given explicit notice of the rule...we have never extended that practice to counseled cases.  We decline to do so today, because we expect counsel to know the rules.")  (citations omitted).